Dear Ms. Vorise:
You advise that you currently hold elected office as a member of the Board of Aldermen for the Town of Maringouin. You ask this office to advise if, during your term as an elected alderperson, you may be employed or hold appointive office with the Town of Maringouin, another municipality, any parish government, or with the state government
I. La.R.S. 33:385(C) prohibits an alderman from holding anyoffice or employment with the municipality where he serves asalderman, subject to the exception of La.R.S. 42:64(A)(1), whichpermits local governing bodies to appoint themselves to boards andcommissions created by them over which they exercise general powersas provided in La.Const. Art. VI § 15.
The Town of Maringouin is a Lawrason Act municipality, governed by the provisions of La.R.S. 33:321, et seq. Of import here is La.R.S. 33:385(C), which states, in pertinent part:
 C. No member of the board of aldermen shall hold any other office or employment under the municipal government while he is a member of the board . . .
It is the opinion of this office that La.R.S. 33:385(C) prohibits you as an elected member of the Maringouin Board of Aldermen from holding any other office or employment with the Town of Maringouin, with the following particular exception: La.R.S. 42:64(A)(1) permits local governing bodies to appoint themselves to *Page 2 
boards and commissions created by them over which they exercise general powers as provided in La.Const. Art. VI § 15.[1]
II. La.R.S. 42:63(D) prohibits an elected alderman fromholding employment in the same political subdivision in which heholds elected office, but does not prohibit his employment in aseparate political subdivision. La.R.S. 42:63(D) prohibits anelected alderman from holding full-time appointive office, but doesnot prohibit him from holding part-time appointive office in anotherpolitical subdivision.
The Dual Officeholding and Dual Employment Law, La.R.S. 42:61, etseq., addresses the legality of holding two or more positions of public office and/or public employment. La.R.S. 42:63(D) prohibits a local elected official from holding (1) another elective office; (2) a position of employment (whether part-time or full-time) within the same political subdivision in which he holds elective office; or (3) a full-time appointive office in any political subdivision of the state. La.R.S. 42:63(D) states, in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . . .
Note that for purposes of dual officeholding, the terms, "appointive office", "employment", "full-time", "part-time", and "political subdivision" are defined by R.S. 42:62 as follows:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof. *Page 3 
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.
 ***** (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
La.R.S. 42:62(3) requires a position of employment to be compensated. In contrast, a person may hold an appointive office which is compensated or uncompensated. Under La.R.S. 42:62(2), the relevant criteria for a position to be considered an appointive office is that (1) the position is established by the constitution, statutes, home rule charter provisions or ordinances of a municipality or parish, and (2) the position is appointed by another elected or appointed official, or a body of officials.
It is the opinion of this office that La.R.S. 42:63(D) prohibits you, during your term as an elected alderman, from holding another elective office, employment with the Town of Maringouin, or any full-time appointive office. However, La.R.S. 42:63(D) does not prohibit you from holding part-time appointive office or employment (whether full-time or part-time) with a separate political subdivision of the state.
III. La.R.S. 42:66(N) permits an elected alderman to holdemployment with the state government, unless the holding of bothpositions are *Page 4 incompatible under La.R.S. 42:64 or adverse to thepublic interest as set forth in R.S. 42:61.
La.R.S. 42:63(D) generally prohibits an elected alderman from holding employment with the state. However, the exception of La.R.S. 42:66(N) is applicable to the elected officials of the Town of Maringouin and provides:
 N. Nothing in this Part shall be construed to prohibit a person holding employment in the government of the state from holding at the same time an elective office in the government of a municipality of this state with a population of less than six thousand five hundred according to the 1990 federal decennial census, unless the particular nature of such employment in combination with the duties and interests of such elective office is incompatible as provided in this Part or is found to be adverse to the public interest as set forth in R.S. 42:61.
It is the opinion of this office that because the population of the Town of Maringouin is less than 6,500, [2] La.R.S. 42:66(N) permits you to hold employment with the state while you serve as alderman.
IV. La.R.S. 42:63(A)(3)(a) permits an elected alderman tohold employment with the U.S. Government.
Act 179 of the 2009 Louisiana Legislative Session enacted La.R.S. 42:63(A)(3)(a), which authorizes a "part-time elected official" to hold employment with the U.S. Government while serving in his part-time elective office, unless the particular combination of duties is adverse to the public interest. La.R.S. 42:63(A)(3)(a) defines "part-time elective office" to mean those persons or offices established in La.Const. Art. X § 29.1(A) as "part-time public servants":
 (1) Any legislator or any member of a school board, levee board, police jury, or parish council.
 (2) Any member of a city council, city-parish council, or town council or any alderman or any constable.
 (3) Any member of a board or commission established by the state or a political subdivision. *Page 5 
 (4) Any person holding or serving in an elective or appointed position defined by law to be part-time public service.
[Emphasis added].
It is the opinion of this office that La.R.S. 42:63(A)(3)(a) permits you, during your term as an elected alderman, to hold employment with the U.S. Government.
V. The incompatibility provisions of La.R.S. 42:64 shouldalways be reviewed for applicability.
La.R.S. 42:64 sets forth certain combinations of offices and employments which are deemed to be incompatible. La.R.S. 42:64(A)(1) provides, in part:
 64. Incompatible Offices
 A. In addition to the prohibitions otherwise provided in this Part, no other offices, or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers.
 (1) The incumbent of one of the offices, whether or not in conjunction with fellow offices, or employment has the power to appoint or remove the incumbent of the other . . .
 (2) The incumbent of one office, whether or not in conjunction with fellow officers, or employment receives the oath and/or bond of the incumbent of the other.
 (3) The incumbent of one office, whether or not in conjunction with fellow officers, or employment is charged by law with instituting actions for penalties against the incumbent of the other office or employment.
 (4) The incumbent of one office, whether or not in conjunction with fellow officers, or employment is required by law to execute orders and follow directions given by the incumbent of the other office or employment.
 (5) One office, whether or not in conjunction with fellow officers, or employment is charged with auditing the accounts of or approving the budget of the other position. *Page 6 
 (6) Funds received by one office or employment are deposited with or turned over to the other office or position.
We recommend that you review these incompatibility provisions as you contemplate the additional public office or employment you seek.
VI. Summary.
We make the following general comments regarding the dual officeholding law as applied to your question: (1) Both La.R.S. 33:385 and La.R.S. 42:63(D) prohibit you from holding any office or employment with the Town of Maringouin, although you may hold a position with a municipal board or commission created by the Town of Maringouin Board of Aldermen pursuant to La.R.S. 42:64(A)(1); (2) La.R.S. 42:63(D) does not, in general, prohibit you from holding employment (whether part-time or full-time) with another municipality or parish; (3) La.R.S. 42:63(D) prohibits you from holding full-time appointive office with the state, another municipality, or any parish, but does not prohibit you from holding an appointive office on a part-time basis; (4) La.R.S. 42:66(N) permits you to hold employment with the State of Louisiana; (5) La.R.S. 42:63(A)(3)(a) permits you to hold employment with the U.S. government; (6) even where the prohibitions of the dual officeholding law would not prevent your holding another public office or employment, all circumstances involving dual service must be reviewed for potential application of the incompatibility provisions under La.R.S. 42:64.
Our opinion should not be interpreted to automatically approve your holding another public office or employment during your term as alderman. All dual officeholding questions are fact-sensitive, and because you have not provided any facts concerning the specific public office or employment you seek, we are only able to provide the above general comments.
Note further that a specific civil service law prohibiting a classified employee from holding elected office would control over an analysis of the dual officeholding provisions which more generally would not prohibit the concurrent holding of offices and/or employments.
Further, there may be ethical concerns raised by your dual service. This office does not address the application of the Louisiana Code of Governmental Ethics, as the State Board of Ethics renders advisory opinions resolving ethical concerns. The address for the La. State Board of Ethics is P.O. Box 4368, Baton Rouge, Louisiana 70821, phone number: 225-219-5600. *Page 7 
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] La.R.S. 42:64(A)(1) states ". . . local governmental subdivisions may appoint members of the governing body to boards and commissions created by them and over which they exercise general powers as provided in Article VI, Section 15 of the Constitution of Louisiana . . ."
[2] The United States Census Bureau's Census 2000 demographic profile tabulated the population of Maringouin, Louisiana to be 1,262. See http://factfinder.census.gov.